IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Kobe, Mark, and John, | ) | |
| | ) | C/A No. 3:11–1146-TMC |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Nikki Haley, in her capacity as | ) | |
| Governor and Chairman of the | ) | |
| South Carolina Budget and Control | ) | |
| Board; Daniel Cooper, Converse | ) | |
| Chellis and Mark Sanford, in their | ) | |
| capacities as former members of | ) | |
| the South Carolina Budget and | ) | |
| Control Board; Hugh Leatherman | ) | |
| and Richard Eckstrom, in their | ) | |
| capacities as members of the South | ) | |
| Carolina Budget and Control Board; | ) | |
| Curtis Loftis and Brian White, as | ) | |
| members of the South Carolina | ) | |
| Budget and Control Board, Anthony | ) | |
| Keck, in his capacity as the Director | ) | |
| of the South Carolina Department | ) | |
| of Health and Human Services, | ) | |
| Emma Forkner, in her capacity as | ) | |
| the former Director of the South | ) | |
| Carolina Department of Health | ) | |
| and Human Services, Beverly | ) | |
| Buscemi in her capacity as Director | ) | |
| of the South Carolina Department | ) | |
| of Disabilities and Special Needs, | ) | |
| Eugene A. Laurent, former Interim | ) | |
| Director of the South Carolina | ) | |
| Department of Disabilities and | ) | |
| Special Needs; Stanley Butkus, | ) | |
| former Director of the South Carolina | ) | |
| Department of Disabilities and | ) | |
| Special Needs; Richard Huntress, | ) | |
| in his capacity as Commissioner | ) | |
| of the South Carolina Department | ) | |
| of Disabilities and Special Needs; | ) | |
| Kathi Lacy, Thomas P. Waring and | ) | |
| Jacob Chorey, in their capacities | ) | |
| as employees of the South Carolina | ) | |
| Department of Disabilities and | ) | |
| Special Needs, Mary Leitner, in | ) | |
| her capacity as the Director of the | ) | |

| | |
|---|---|
| Richland Lexington Disabilities and Special Needs Board; the Babcock Center, Judy Johnson, in her capacity as the Director of the Babcock Center and other Unnamed Actors Associated with the Babcock Center, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

In their Amended Complaint, Plaintiffs seek actual and punitive damages, and declaratory and injunctive relief for violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132; Section 504 of the Rehabilitation Act of 1973 ("Section 504"); the Medicaid Act; and 42 U.S.C. §§ 1983 and 1985.  (ECF No. 65 - Am. Compl. at 3).  This matter is before the court on several summary judgment motions (ECF Nos. 146, 147, 151, 152, and 155),  Defendants' Joint Motion to Exclude Witnesses and Strike Exhibits to Plaintiffs' Motion for Summary Judgment (ECF No. 173), and Defendants' Joint Motion to Strike Certain Exhibits to Plaintiff's Memoranda in Opposition to Defendants' Summary Judgement Motions (ECF No. 190).   The court denies Defendants' Joint Motions to Exclude Witnesses and Strike Exhibits (ECF Nos. 173 and 190) and the pending summary judgment motions (ECF Nos. 146, 147, 151, 152, and 155) are denied without prejudice.

## Discussion

On December 28, 2012, Plaintiffs filed a partial summary judgment motion and attached thirty-six exhibits.  (ECF No. 155).  In their motions to strike exhibits and exclude witnesses, Defendants seek to exclude certain witnesses and strike thirty-one of these exhibits on the ground that Plaintiffs failed to disclose certain fact and expert witnesses and  produce documents in their discovery responses.[1]  Additionally, Defendants seek to exclude the unsworn statement

---

[1] Defendants additionally seek to have stricken an exhibit to Plaintiff's Memorandum Opposing Defendants DDSN Summary Judgment Motion (ECF No. 181-3)  on the same

of Plaintiff Kobe, which Plaintiffs attached as an exhibit to Plaintiffs' Memoranda in Opposition to Defendants' Summary Judgment Motions.  (ECF Nos. 179-2, 180-2, and 181-2).

**1. Motion to Strike Exhibits (ECF No. 173)**

    a)  Exhibits tied to alleged expert witnesses

Pursuant to the Amended Scheduling Order and a subsequent extension (ECF Nos. 133 and 139), by October 12, 2012, Plaintiffs were to "file and serve a document identifying by full name, address, and telephone number each person whom Plaintiff(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information" as required by Fed.R.Civ.P. 26(a)(2).  Plaintiffs were also "to file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later than  November 16, 2012."  (ECF No. 133).  Plaintiffs did not identify any expert witnesses or file and serve any affidavits of records custodian witnesses by the appropriate deadlines. Plaintiffs identified sixty fact witnesses, including six witnesses Defendants contend should have been designated as expert witnesses pursuant to Fed.R.Civ.P. 26(a)(2).

Rule 26(a)(2)(B) provides that an expert witness must be identified and provide a written report if he or she "is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed.R.Civ.P. 26(a)(2)(B).  In 2010, Rule 26 was amended to add subsection (C), which states:

> (C) Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
> > (I) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

---

grounds.  (ECF No. 190 at 2).  This exhibit contains the records of the Office of the State Long Term Care Ombudsman Program relating to one of the Plaintiffs, which includes reports prepared by Carol Niederhauser and Tonya Bradford.  (ECF No. 181-3).  As to this specific exhibit, Defendants incorporated their arguments from their Motion to Exclude.  (ECF No. 173).

3

>(ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed.R.Civ.P. 26(a)(2)(C). According to the Advisory Committee Notes, this amendment was enacted to "resolve[ ] a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement." Fed.R.Civ.P. 26 advisory committee's notes. "Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony." *Id.*

The six witnesses Defendants contend should have been identified as expert witnesses are: Heather Gardner, June Maranville, Sarah Scarborough, Dr. Johan Hernandez, Sandra Ray, and Lee Mole. In their Responses to Defendant Buscemi's First Set of Interrogatories, Plaintiffs listed these witnesses as fact witnesses and provided the following summaries:

1) Heather Gardner "will testify about Kobe's condition and his need for an adaptive communications device, her qualifications as a speech pathologist and the requirements for determination of the medical necessity of a synthesized speech device." (ECF No. 173-4 at 3).

2) June Maranville, a speech pathologist, "is expected to testify about Kobe's need for a speech device." (ECF No. 173-4 at 3).

3) Sarah Scarborough "is expected to testify about the speech evaluation of Kobe conducted in 2002 and his inability to effectively utilize the less sophisticated device provided due to physical limitations." (ECF No. 173-4 at 21).

4) Dr. Johan Hernandez

>is expected to testify about medical treatment provided to Kobe and report of seizures after falling from van in wheelchair and hitting his head. He is also expected to testify about Kobe's need for adult day health care services and other matters related to his condition. He is also expected to testify about one or more other individuals who have been injured in Babcock Center residential or day programs.

(ECF No. 173-4 at 22).

5) Sandra Ray

>is expected to testify about matters related to risk management and the barriers to competition inherent in DDSN's prospective payment system to the Babcock Center and local DSN boards. She is expected to testify about matters related to the LAC audit of SCDDSN and retaliation against persons who criticize DDSN. She is expected to testify about medical necessity and service coordination in South Carolina. Ms. Ray is expected to testify about the need for adaptive speech devices and to provide services in the least restrictive to comply with the ADA and Section 504. Ms. Ray is expected to testify about risk management as it relates to decubitus ulcers.

(ECF No. 173-4 at 4).

6) Lee Mole "is expected to testify about Kobe's condition and his need for a speech device and new wheelchair. He is also expected to testify about the least restrictive setting that would allow Kobe to interact more frequently with non-disabled persons." (ECF No. 173-4 at 7-8).

Defendants contend that these witnesses are to testify as to medical observations, diagnoses, and treatments, as well as legal opinions as to compliance with federal regulations. In response, Plaintiffs contends these witnesses were not retained or specifically employed to provide expert testimony, and therefore are not required to provide expert reports pursuant to Rule 26(a)(2)(B). However, Plaintiffs' argument that these witnesses were not retained or employed to give expert testimony is not determinative of whether disclosure and reports are required under Rule 26.

A fact witness is a witness whose testimony is in the form of an opinion and must be: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed.R.Evid. 701.[2]

---

[2]Rule 702 provides:

>A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
>(a) the expert's scientific, technical, or other specialized knowledge will help the

5

As noted above, the Advisory Committee Notes to Rule 26 (a)(2)(C) state that it "include[s] physicians or other health care professionals and employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C)." After the 2010 Amendments, courts have continued to "adhere to traditional tests for determining when a Treating Physician is considered to be a full-blown expert and when he is considered to be more akin to a percipient witness with professional expertise." *Kondragunta v. Ace Doran Hauling & Rigging Co.*, No. 1:11–cv–01094–JEC, 2013 WL 1189493, at *10 (N.D. Ga. Mar.21, 2013). In *Kondragunta*, the court engaged in an in-depth analysis of post-amendment case law and held:

> [I]f a physician's opinion regarding causation or any other matter was formed and based on observations made during the course of treatment, then no Subsection B report is required, albeit the Subsection C report discussed above will be required. If, however, the physician's opinion was based on facts gathered outside the course of treatment, or if the physician's testimony will involve the use of hypotheticals, then a full subsection B report will be required.

*Id.* at * 12 (internal citations omitted). *See Thomas v. Consolidated Rail Corp.*, 169 F.R.D. 1, 2 (D. Mass. 1996) ("Many courts, however, have recognized the unfairness of permitting a party to employ a physician who treated an injured party to provide testimony beyond simply the care of the plaintiff to classic expert opinion regarding causation and prognosis."); *Brown v. Best Foods*, 169 F.R.D. 385, 388 (N.D. Ala.1996) ("To the extent the treating physician testifies only as to

---

trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed.R.Evid. 702. Rule 703 provides, in pertinet part: "An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." Fed.R.Evid. 703.

6

care and treatment of his/her patient, the physician is not considered a specially retained expert [for whom Rule 26(a)(2)(B) disclosures are required].").

Applying the traditional test, the court finds that these six witnesses do not appear to be experts requiring a Rule 26(a)(2)(B) written report. In reviewing the summaries of these witnesses' anticipated testimony, the court notes that these witnesses are not testifying only as to their care and treatment of Plaintiffs; they are also providing what appears to be some expert testimony under Rules 702 and 703. Therefore, the court concludes that these witnesses are "hybrid witnesses." *See, e.g., Wake v. Nat'l R.&R. Passenger Corp.*, 2013 WL 1316431 (D. Md. 2013). "To the extent that a witness's opinion is based on facts learned or observations made 'in the normal course of duty,' the witness is a hybrid witness (i.e., a hybrid of an expert and a fact witness) and need not submit an expert report" under Rule 26(a)(2)(B). *Vigilant Ins. Co. V. McKenney's, Inc.*, 2011 WL 2415004, * 4 (D.S.C. 2011). However, hybrid witnesses are subject to Rule 26(a)(2)(C) requirements and "must submit a report regarding any opinions formed specifically in anticipation of the litigation, or otherwise outside the normal course of a duty." *Id*. Therefore, these witnesses must be identified as such witnesses under Rule 26(a)(2)(A), and provide the disclosure required under Rule 26(a)(2)(C). [3]

Complying with Rule 26 is " 'not merely an aspiration' as 'the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise.'" *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, No. 6:07 -cv-222-Orl-35KRS, 2009 WL 1043974, at *3 (M.D. Fla. Apr.17, 2009) (*quoting Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008)). Generally, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to

---

[3] The disclosures required by Rule 26(a)(2) (C) for expert witnesses not filing reports include "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which the witness is expected to testify." Fed.R.Civ.P. 26(a)(2)(C).

7

supply evidence on a motion, at a hearing, or at trial." Fed.R.Civ.P. 37(c).[4] Despite a failure to disclose the identity of a witness, a party may "[e]scape from the [Rule 37] sanction" if it shows "that the failure to disclose is substantially justified or harmless." Fed.R.Civ.P. 37(c)(1). In determining whether nondisclosure of a witness is substantially justified or harmless, courts should consider:

> (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Southern States Rack & Fixture v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003)).

Here, these factors weigh against excluding these witnesses. While Plaintiffs did not identify or file the required disclosures, Defendants were aware of these six witnesses and the Plaintiffs can cure their failure to comply with Rule 26(a)(2)(C). Further, in regard to the second factor, as no trial date has been set, it is not at such a late date that it would be impossible to cure any prejudice before trial. *See, e .g., Richardson v. Korson,* No. 10–2049, 2012 WL 5907379, at *7 (D.D.C. Nov. 27, 2012) ("Where there is sufficient time to provide the prejudiced party with an opportunity to cure the prejudice of the untimely report, a court may permit submission of the report."). In regard to the third factor, the evidence is clearly very important to Plaintiffs' case. As to the last factor, Plaintiffs clearly misunderstand the requirements of Rule 26(a)(2)(C), and while such a misinterpretation does not excuse the nondisclosure, it is a reasonable explanation.[5] Further, the court notes again that these witnesses were disclosed -

---

[4]Additionally, "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed.R.Civ.P. 16(f)(1).

[5]Some court have held that "counsel's misinterpretation of the rule's requirements does not substantially justify Plaintiff's failure to comply." *Anderson v. Bristol, Inc.*, 2013 WL 1339372, *15 (S.D. Iowa 2013)(noting the amendment had taken effect a year and a half before Plaintiff filed expert disclosures and by that time there were a number of court decisions on the amendment). Here, the amendment had been in effect for almost two years by the time Plaintiffs

albeit only as fact witnesses.

Most courts in similar situations have permitted the non-compliant party an opportunity to provide the required report and the moving party an opportunity to depose the witness. *See Kondragunta .v Ace Doran Hauling & Rigging Co.*, 2013 WL 1189493, *8 (N.D. Ga. 2013)(citing cases). Accordingly, as to the six individuals listed above, Plaintiffs are to provide and file the proper reports required pursuant to Rule 26(a)(2)(C) within thirty days. Plaintiffs are required to summarize the facts to which the witnesses are expected to testify.[6] Thereafter, Defendants will have forty-five days to depose these witnesses. If Plaintiffs fail to cure this deficiency, Plaintiffs will not be allowed to use these six witnesses "to supply evidence on a motion, at a hearing, or at a trial."

Furthermore, the court reiterates that based upon the summaries of these six witnesses' testimony provided to Defendants and the arguments presented on this motion, the court has concluded these witnesses are hybrid witnesses, and, therefore, these treating medical providers may only base their opinions on information learned during the actual treatment of Plaintiffs. *See Ace American Ins. Co. v. McDonald's Corp.*, 2012 WL 2523883, *5 n.1 (D. Md. 2012)(unreported). If Plaintiffs intend to use any medical provider's opinion which is based on facts gathered outside the course of treatment or involves the use of hypotheticals, a full Rule 26 (a)(2)(B) report will be required whether the experts are paid or not. *See Kondragunta*, 2013

---

filed their disclosures on November 25, 2012.

[6]Plaintiffs' argument that Defendants had access to Plaintiffs' medical records and could simply review the records (ECF No. 194 at 2, 5-6, 10, 14) is not sufficient to comply with Rule 26(a)(2)(C)'s requirements. *Flonnes v. Prop. & Cas. Ins. Co. of Hartford*, 2013 WL 2285224 (D. Nev. 2013) (holding that simply producing medical records is not sufficient to satisfy the requirements of Rule 26(a)(2)(C)); *Kondragunta*, 2013 WL 1189493 ("The reader of plaintiff's disclosure has no idea what opinion the doctor will offer or on what facts the doctor will base that opinion. Further, the fact that plaintiff provided all his medical records to the defendants does not mean that plaintiff has fulfilled the 'summary of the facts and opinions' prong of Rule 26(a)(2)(C).").

WL 1189493, * 12.[7]

In light of this ruling reopening discovery on a limited basis, the pending motions for summary judgement (ECF Nos. 146, 147, 151, 152, and 155) are premature and are denied without prejudice. The parties shall submit an amended scheduling order in compliance with this order.

**b. Other exhibits**

Attached to their memorandum in support of their summary judgment motion, Plaintiffs filed thirty-six exhibits. (ECF No. 155). Defendants seek to exclude all of the exhibits, except Exhibits 9, 32, 34, 35, and 36, based upon Plaintiffs' failure to identify witnesses whose statements are contained in these exhibits and Plaintiffs' failure to produce these documents. Plaintiffs respond that all of their exhibits are hearsay exceptions. Although the pending summary judgment motions are denied without prejudice mooting this motion, the court addresses some of the parties' arguments in order to provide some direction to the parties.

The parties have briefed two entirely different issues. Defendants contend that Plaintiffs' exhibits are inadmissible because the individuals who created the information were not identified as witnesses and the documents were not produced in response to Defendants' Request for Production of Documents. (ECF Nos. 173 at 4; 199 at 4). Plaintiffs do not directly respond to

---

[7]In response to one of the pending summary judgment motions, Plaintiffs state that their "decision to rely upon the fact witnesses identified in their interrogatories (many of whom are experts in their fields), rather than paying large sums to experts who have no independent knowledge of the needs of the Plaintiffs in the complaint does not warrant dismissal under Rule 41(b)." (ECF No. 158 at 5). The court is concerned that some of the testimony from these six witnesses may involve expert testimony. For example, Plaintiffs stated: Ray "is expected to testify about the need for adaptive speech devices and to provide services in the least restrictive to comply with the ADA and Section 504. Ms. Ray is expected to testify about risk management as it relates to decubitus ulcers." (ECF No. 173-4 at 4). If Plaintiffs intend to use Ray to testify about her opinion, which is based upon facts gathered outside the course of Plaintiffs' treatment, she would be considered an expert witness and Plaintiffs must comply with Rule 26 (a)(2)(B).

this argument and instead relay how the exhibits are admissible.[8] Even were the court to find Plaintiffs complied with Rule 26 or that the failure of Plaintiffs to comply with Fed.R.Civ.P. 26(a) was substantially justified or harmless, Plaintiffs' arguments regarding the admissibility of some of the exhibits are insufficient.

A party is precluded from using depositions, declarations, or documents in support of their Summary Judgment Motion and in Opposition to Defendants' Motions for Summary Judgment that were not properly disclosed or identified in discovery or that do not conform with the requirements of Fed.R.Civ.P. 56(c) to defeat summary judgment. *Bailey v. Fairfax County*, 2011 WL 3793329 (E.D. Va. 2011). Moreover, Rule 56(c)(1) mandates that a party asserting that a fact is genuinely disputed must support that assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c).

Until recently, unauthenticated documents were precluded from consideration at the summary judgment stage. *See, e.g., Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993) (unsworn, unauthenticated documents cannot be considered on a motion for summary judgment). However, the 2010 amendments to Rule 56(c)(2), "'eliminated the unequivocal requirement that documents submitted in support of a summary judgment motion must be authenticated.'" *Brown v. Siemens Healthcare Diagnostics, Inc.*, 2012 WL 3136457, at *6 (D. Md. July 31, 2012) (*quoting Akers v. Beal Bank*, 845 F.Supp.2d 238, 243 (D.D.C. 2012)). Instead of a clear bright-line rule that all documents must be authenticated at the summary judgment stage, Rule 56(c)(2)

---

[8]Plaintiffs seems to argue that these documents fall outside the scope of Rule 26 because the documents were not in their possession, custody, or control. (ECF No. 199 at 5)("nearly all of these records come from Defendants' own files."). In reply, Defendants do not address this argument, but rather concentrate on whether these documents should be excluded because they were created by individuals not disclosed as witnesses. (ECF No. 199).

now prescribes a "multi-step process by which a proponent may submit evidence, subject to objection by the opponent and an opportunity for the proponent to either authenticate the document or propose a method to doing so at trial." *Foreword Magazine, Inc. v. OverDrive, Inc.*, No. 10–cv–1144, 2011 WL 5169384, at *2 (W.D. Mich. Oct. 31, 2011). Importantly, "the objection [now] contemplated by the amended Rule is not that the material 'has not' been submitted in admissible form, but that it 'cannot' be." *Ridgell v. Astrue,* No. DKC 10–3280, 2012 WL 707008, at *9 (D. Md. Mar. 2, 2012) (*quoting Foreword Magazine,* 2011 WL 5169384, at *2).

> If an objection is made to an exhibit, the proponent of the exhibit has two options. One possibility is to correct the problem leading to the objection. . . . In the alternative, the proponent can explain how the contents of the exhibit will be submitted at trial so that the information is admissible.

*Mitchell,* 2012 WL 310824, at *3.

In arguing that the exhibits are admissible, Plaintiffs contend that the exhibits are admissible as hearsay exceptions. For example, Plaintiffs state that some of the exhibits (Exhibits 1, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, and 17) are medical records regularly kept in the ordinary course of business, and therefore admissible under Fed.R.Evid 803 (4) and (6). (ECF No. 194 at 17).[9] However, Plaintiffs' mere assertion that the records are regularly kept in the ordinary course of business would not render the documents admissible at trial. Plaintiffs fail to assert that each of the conditions of Rule 803(6) is met and fail to state which of their witnesses would certify or testify to the conditions. *See* Fed.R.Evid. 803(6). Further, as to some of Plaintiffs' exhibits (Exhibits 18, 19, and 20), there is nothing to demonstrate that the writings are what they claim to be nor has a proper witness been identified who might testify as to these documents. *See* Fed.R.Evid. 901. Moreover, these documents are not self-authenticating. See

---

[9]Plaintiffs also contend Exhibits 29 and 30 are business records, but again has not stated though which of her witness these exhibits would be admitted.

Fed.R.Evid. 902.

Plaintiffs contend that Exhibit 8 qualifies as a "learned treatise." (ECF No. 194 at 18). However, such evidence is admissible only if "the statement is called to the attention of an expert witness on cross-examination or relied on by the expert on direct examination" **and** the publication is established as a reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice." Fed.R.Evid. 803(18). Simply, saying it is a learned treatise does not establish how it is admissible. Moreover, Plaintiffs have not identified any expert witnesses through which this treatise could be admitted. *See Mugavero v. Arms Acres, Inc.*, 2009 WL 1904548, *7 (S.D.N.Y. 2009)(holding "Rule 803(18) contemplates the admission of statements in treatises only through the testimony of an expert witness."). Further, the court notes that such a treatise "may be read into evidence but not received as an exhibit." Fed.R.Evid. 803(18).

Exhibits 18, 24, 25, 26, and 27 "contain emails sent to, copied to or received from counsel for Defendants' attorneys. (ECF No. 194 at18). Plaintiffs contend these emails are admissible under Fed. R.Evid. 801(d)(2)(D) "because they were made by Defendants' agents or employees on matters within the scope of that relationship." (ECF No. 194 at 18-19). However, reviewing these emails, it appears they were sent during negotiations about the claims involved in this action and would not be admissible pursuant to Fed.R.Evid. 408.

**2. Motion to Strike Plaintiff's Unsworn Statement (ECF No. 190)**

Defendants also filed a motion to Strike Plaintiff's Unsworn Statement. (ECF No. 190). Although the pending summary judgment motions are denied without prejudice mooting this motion, the court also briefly addresses this motion to provide some direction to the parties.

As noted above, Plaintiffs attached a statement from Plaintiff Kobe as an exhibit to their Memoranda in Opposition to Defendants' Summary Judgment Motions. (ECF Nos. 179-2, 180-2, and 181-2). The statement consists of thirty-one paragraphs and concludes with the date and

Kobe's signature. (ECF No. 179-2 at 4, 180-2 at 4, and 181-2 at 4). The statement also contains Laura M. Cole's signature under a declaration that she "went to the home of Kobe and personally witnessed him putting his mark on this statement." *Id*. Additionally, Plaintiffs' attorney, Patricia L. Harrison, signed the statement in what appears to be her capacity as a notary public under the following statement:

> I met with Kobe today and reviewed this statement with him and a staff member. Although he has trouble communicating, staff had helped him make a statement and he indicated that it is true. Laura M. Cole personally delivered this statement to Kobe and swore before me that she witnessed him sign it.

*Id.*

Defendants contends that Plaintiff Kobe's declaration should be stricken as it is not a properly notarized affidavit nor does it not comply with § 1746. In response, Plaintiffs argues that Defendants are on a quest to derail their lawsuit with "technical nitpicking." (ECF No. 201 - Pls.' Response to Mot. to Strike at 2). Plaintiffs also attached a second notarized statement signed by Plaintiff Kobe in an effort to cure any defects with the original statement. (ECF No. 201- 1).

The amended statement begins with, "Now comes Kobe, who swears and affirms under penalty of perjury that: . . ." (ECF No. 201-1 at 1). And ends with the following sentence: "I have reviewed this statement and it is true to the best of my knowledge and information and I understand that there are penalties for providing false information to the court." *Id*. at 3. Further, John N. Harrison, presumably a notary, signed the statement as it having been sworn to him on February 19, 2013.[10] *Id.*

---

[10]There is no notation as to John Harrison's title or the expiration of his commission. S.C. Code Ann. § 26-1-60 provides, in pertinent part that:

> Each notary public shall have a seal of office, which shall be affixed to his instruments of publications and to his protestations. He shall indicate below his signature the date of expiration of his commission. But the absence of such seal or date prior to and after May 30, 1968 shall not render his acts invalid *if his official*

In regard to summary judgment motions, the court can consider "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," that a reasonable jury would be unable to reach a verdict for the non-moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

> An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed.R.Civ.P. 56(c)(4). Pursuant to 28 U.S.C. § 1746:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
> . . .
>
> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
>
> (Signature)".

28 U.S.C. § 1746.

Kobe's revised affidavit substantially complies with the requirements of § 1746. *See Smith v. Psychiatric Solutions, Inc.*, 2009 WL 903624, at *5 (N.D.Fla. Mar. 31, 2009) (stating that the language, "true and accurate to the best of my knowledge and belief," complies with § 1746, "[s]o long as the declaration contains the phrase 'under penalty of perjury' and states that

---

*title be affixed thereto.*

(emphasis added). Without Harrison's official title, the court questions whether the notarization is valid. However, in light of the court's determination that the affidavit substantially complies with §1746, this issue need not be addressed.

the document is true"). As the amended affidavit substantially complies with § 1746, the court does not see any basis for striking it.[11]

### Conclusion

Based on the foregoing, Defendants' Motions to Strike (ECF Nos. 173 and 190) are **DENIED**. However, as to the six hybrid witnesses, Plaintiffs are to provide and file the proper reports required pursuant to Rule 26(a)(2)(C) within thirty days. Thereafter, Defendants shall have forty-five days to depose these witnesses. Based on this ruling, the pending Motions for Summary Judgment (ECF Nos. 146, 147, 151, 152, and 155) are premature and are **DENIED without prejudice**. The parties shall submit an amended scheduling order in compliance with this order by August 26 2013.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
August 12, 2013

---

[11] However, the court stresses that "[a]dherence to rules is not an optional exercise in nitpickiness. Rules help cases proceed in an orderly fashion and ensure procedural fairness." *United States Commodity Futures Trading Com'n v. Lake Shore Asset Management Ltd.*, 540 F.Supp.2d 994 , 1016-17 (N.D. Ill. 2008).